**Appeal Dismissed and Memorandum Opinion filed August 12, 2025.**



In The

# Fifteenth Court of Appeals

---

### NO. 15-25-00092-CV

---

**BRIGHT HEALTH MANAGEMENT, INC., Appellant**

**V.**

**CANTILO & BENNETT, L.L.P., SPECIAL DEPUTY RECEIVER OF BRIGHT HEALTHCARE INSURANCE COMPANY OF TEXAS, Appellee**

**On Appeal from the 455th District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-23-008361**

## MEMORANDUM OPINION

The underlying case is an insurance receivership proceeding under Chapter 443 of the Texas Insurance Code, in which the Texas Department of Insurance (TDI) sought and placed Appellant Bright Health Management, Inc.'s subsidiary, Bright Health Insurance Company of Texas (BHICOT), into liquidation. Bright

Health Management attempts to appeal the trial court's May 6, 2025, order (the Order) that enforces a permanent injunction that was entered over two years ago and that requires Bright Health Management to produce certain books and records of BHICOT to the Special Deputy Receiver, Appellee Cantilo & Bennett, LLP (the Receiver). We issued a letter notifying the parties this appeal was subject to dismissal for want of jurisdiction because the record does not contain either a final judgment or an appealable interlocutory order unless any party filed a response showing meritorious grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a); Tex. Civ. Prac. & Rem. Code § 51.014(a); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Both parties submitted briefing on jurisdiction. After reviewing the parties' briefing, the record, and the applicable law, we conclude we do not have jurisdiction and dismiss the appeal for want of jurisdiction.

## BACKGROUND

In November 2023, the trial court signed an order appointing the Commissioner of the TDI as Liquidator of BHICOT and entered a permanent injunction ordering Bright Health Management to, among other things, promptly surrender BHICOT's property to the Liquidator. The November 2023 order further authorized appointment of the Receiver to perform the Liquidator's functions. Bright Health Management did not appeal the November 2023 order or the permanent injunction.

A dispute later ensued regarding the practicalities and cost of turning over electronically stored documents that relate to BHICOT to the Receiver. The Receiver eventually filed a Motion to Enforce the Permanent Injunction and Bright Health Management filed a Response and Cross-Motion for Entry of Order

Governing Electronically Stored Information (ESI Cross-Motion). A hearing was held before the court-appointed Special Master, who issued a recommendation to the trial court.

On May 6, 2025, the trial court confirmed the Special Master's recommendation, granted the Receiver's Motion to Enforce, denied Bright Health Management's ESI-Cross Motion, and ordered Bright Health Management to produce certain categories of BHICOT documents to the Receiver. This appeal followed.[1]

## DISCUSSION

Bright Health Management first argues the Order is an appealable, interlocutory order because it "functions as a temporary injunction," or alternatively, is an order that modifies an order appointing a receiver. *See* Tex. Civ. Prac. & Rem. Code §§ 51.014(a)(1), (a)(4). We disagree. The Order simply enforces the November 2023 permanent injunction that requires Bright Health Management to promptly surrender BHICOT's property. It does not grant any modified or additional authority to the Receiver.

Bright Health Management next argues the Order is a final judgment because it resolves all issues between Bright Health Management and the Receiver regarding production of documents. We disagree that this characterization of the Order, even if correct, renders the Order a final, appealable judgment. The underlying proceeding is an insurance receivership, and the Order does not dispose of all parties and claims in the receivership action. *See Lehmann*, 39 S.W.3d at

---

[1] Bright Health Management contemporaneously filed a mandamus action challenging the Order, which we denied. *In re Bright Health Mgmt., Inc.*, No. 15–25–00108–CV, 2025 WL 1872554, at *1 (Tex. App.—15th Dist. July 8, 2025, orig. proceeding).

195.  There are certain discrete decisions by insurance receivership courts that are considered final, appealable judgments, but the Order at issue here is not one of those.  *See* Tex. Ins. Code §§ 443.055 (order on petition commencing delinquency proceedings); 443.257(c) (final disposition of a disputed claim).

Accordingly, we dismiss the appeal for want of jurisdiction.  *See* Tex. R. App. P. 42.3(a)

/s/Scott K. Field
Scott K. Field
Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.